Affirmed and Plurality and Concurring Opinions filed February 13, 2007








Affirmed and Plurality and Concurring Opinions filed February
13, 2007.

 

 

In The

Fourteenth Court of
Appeals

 

____________

 

NO. 14-05-01209-CV

____________

 

COTEMP, INC., Appellant

 

V.

 

HOUSTON WEST CORP., Appellee

 



 

On Appeal from the 155th
District Court

Waller County, Texas

Trial Court Cause No. 03-05-16828

 



 

C O N C U R R I N G   O P I N I O N

While I
join the court=s judgment, I write separately to emphasize the significance of the trial
court=s negligent-retention question, which
must be the basis of this court=s legal and factual sufficiency analysis, and to point out
that appellant CoTemp, Inc. did not preserve error in the trial court regarding
its appellate complaint that only damages for physical injuries can be
recovered under appellee Houston West Corp.=s negligent-retention claim.








Is
the evidence legally and factually sufficient to support the jury=s negligent-retention finding?

CoTemp
challenges the legal and factual sufficiency of the evidence to support the
jury=s affirmative answer to jury question
11 regarding negligent-retention.  That question and its accompanying
instructions read as follows:

Negligence
and Ordinary Care

ANegligence@ means failure to use ordinary care, that is, failing
to do that which a person of ordinary prudence would have done under the same
or similar circumstances or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances or doing that which
a person of ordinary prudence would not have done under the same or similar
circumstances.

AOrdinary care@ means that degree of care that would be used by a
person of ordinary prudence under the same or similar circumstances.

Proximate
Cause

AProximate Cause@ means that cause which, in a natural and continuous
sequence, produces an event, and without which cause such event would not have
occurred.  In order to be a proximate cause, the act or omission complained of
must be such that a person using ordinary care would have foreseen that the
event, or some similar event, might reasonably result therefrom.  There may be
more than one proximate cause of an event.

An employer has a legal duty to use ordinary care in retaining its
employees.@

If your
answer to [fraud liability question] is AYes@ as to Bob Robertson, then answer question 11
otherwise do not answer question 11.

As to Cotemp, Inc., Anegligence@ means failure to use ordinary care in retaining Bob
Robertson.  

 

Question
11

Did the negligence, if any, of Cotemp,
Inc. proximately cause injury to the Plaintiffs?

Answer:          Yes








Legally
and factually sufficient evidence support this affirmative answer based on the
evidence discussed in the plurality opinion.  However, the plurality=s analysis refers to legal principles
regarding negligent-retention claims that are not incorporated into the jury
charge submitted in this case.  Because no party objected to the form of
question 11 and its related instructions, this court must review the sufficiency of
the evidence under the charge submitted, without regard to whether it is a
correct statement of the law.  See Osterberg v. Peca, 12 S.W.3d 31, 55
(Tex. 2000) (holding that court could not review the sufficiency of the
evidence based on a particular legal standard because that standard was not
submitted to the jury and no party objected to the charge on this ground or
requested that the jury be charged using this standard); Hirschfeld Steel Co. v. Kellogg
Brown & Root, Inc., 201 S.W.3d 272, 283B86 (Tex. App.CHouston [14th Dist.] 2006, no. pet.)
(reviewing sufficiency of evidence based on unobjected-to jury instruction and
rejecting various arguments based on different legal standards).  Under the
applicable standards of review, the evidence cited by the plurality is legally
and factually sufficient to support the jury=s affirmative answer to this
question.  Therefore, it is correct to overrule CoTemp=s first, second, and third issues. 

Is the evidence legally sufficient to support the jury=s finding of an underlying tort?

In its
opening appellate brief CoTemp asserts in a sub-issue that there is no evidence
proving an underlying tort by Bob Robertson against Houston West.  Because
CoTemp provides no analysis, citations to the record, or legal authorities,
CoTemp has waived this issue.  See Tex.
R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323,
338 (Tex. App.CHouston [14 Dist.] 2005, no pet.) (holding that, even
though courts interpret briefing requirements reasonably and liberally, parties
asserting error on appeal still must put forth some specific argument and
analysis citing the record and authorities in support of the parties= argument).  Even if there were no briefing waiver
of this argument, this court still should overrule this sub-issue because,
under the applicable legal standard, there is legally sufficient evidence to
support the jury=s finding in question 5 that Robertson committed fraud
against Houston West.

 

 








Did CoTemp preserve
error as to its argument that Houston West can recover only damages for
physical injuries under its negligent-retention claim?

In its opening brief, CoTemp also
asserts that Houston West may recover only damages for physical injuries under
its negligent-retention claim.  However, before this court could reverse
the trial court=s judgment based on this complaint, CoTemp
must have presented it to the trial court and obtained an adverse ruling.  See
GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 612, 620 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  The appellate record shows that CoTemp never voiced this complaint in the
trial court; therefore, it failed to preserve error.[1]
 See Tex. R. App. P.
33.1(a); Pascouet, 61 S.W.3d at 612, 620.

For these reasons,
the trial court=s judgment should be affirmed.[2]

 

 

/s/        Kem Thompson Frost                                                                                                                    Justice

 

Judgment
rendered and Plurality and Concurring Opinions filed February 13, 2007.

Panel consists of Justices Edelman,
Frost, and Seymore. (Seymore, J., plurality) (Edelman, J., concurring without
opinion). 









[1]  CoTemp did assert in its motion for judgment
notwithstanding the verdict that A[t]here
is no precedent in Texas for the application of the negligent retention
doctrine to a case in which damages allegedly resulted from a failure to
perform a contractual promise.@  However, this
complaint does not encompass the assertion  that Houston West may not recover
for nonphysical injuries and it is not the same complaint as the appellate
complaint before this court.





[2]  The plurality correctly finds briefing waiver as to
CoTemp=s fourth issue.